IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.   　　　　　　　　　　　　　　　　　　　　　　　　No. CR 11-0284 JH

MARK WHITE,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Defendant's letter-motion (Doc. 74) filed on November 18, 2013.  Defendant seeks an order modifying his sentence or correcting the BOP's application of jail-time credit against his sentence.  The United States has filed a response (Doc. 76) to the motion, and Defendant has replied (Doc. 77).  The Court will deny the motion.

    The motion must be denied for either of two reasons.  First, this Court "does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."  *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) (citing *United States v. Blackwell*, 81 F.3d 945, 947-48, 949 (10th Cir. 1996)).  No such statutory authority is presented in Defendant's motion.

    Second, even if the Court were to grant credit for prior custody against the term of imprisonment, Defendant's post-conviction custodian--the United States Attorney General or Bureau of Prisons ("BOP")--would not be bound by the calculation.  The Attorney General, through the BOP, has the responsibility of administering a federal sentence, including computation of credit for pretrial incarceration.  *See United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) ("only the Attorney General through the Bureau of Prisons has the power to grant sentence

credit") (citing *United States v. Wilson*, 503 U.S. 329, 333, 337 (1992).

The district court in the district where Defendant is confined has jurisdiction under 28 U.S.C. § 2241 to review the computation of his sentence, after exhaustion of the BOP's administrative remedies. *See Wilson*, 503 U.S. at 335-36; *Bennett v. United States Parole Comm'n*, 83 F.3d 324, 328 (10th Cir. 1996); *United States v. Buck*, No. 99-2129, 1999 WL 811685, at **2 (10th Cir. Oct. 12, 1999). As Plaintiff notes in its response, Defendant has filed such a petition in California seeking the same relief requested in his letter-motion. Because the Court may not modify Defendant's sentence or otherwise effectively grant the relief sought, and because the requested relief duplicates the relief he seeks in his § 2241 petition, the motion will be denied.

IT IS THEREFORE ORDERED that Defendant's letter-motion (Doc. 74) is DENIED.

_____
UNITED STATES DISTRICT JUDGE